UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM E. C.,

                Plaintiff,

v.                                           3:24-CV-0424
                                                           (GTS/MJK)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

OLINSKY LAW GROUP                 HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION      HUGH DUN RAPPAPORT, ESQ.
 Counsel for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by William E. C. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Mitchell J. Katz recommending that Plaintiff's motion for judgment on the pleadings be denied and Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's response to

Plaintiff's objections. (Dkt. Nos. 15, 16, 17.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety, Plaintiff's motion for judgment on the pleadings is denied, Defendant's motion for judgment on the pleadings is granted, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Magistrate Judge Katz's Report and Recommendation**

Generally, in his Report and Recommendation, Magistrate Judge Katz determined that the ALJ's RFC finding that Plaintiff is capable of performing medium work is supported by substantial evidence and contains no legal error. (Dkt. No. 15.)

First, Magistrate Judge Katz determined that, although Plaintiff argues that the ALJ failed to properly analyze the opinion of consultative examiner Dr. Jenouri for supportability and consistency, the majority of evidence in the record did not support Dr. Jenouri's opinion that Plaintiff's impairments warrant a finding of moderate limitations because the majority of providers found that Plaintiff had a normal gait and stance, normal flexion and strength in knee/ankles and that he presented with no evidence of injury and thus they did not need to make a functional assessment. Moreover, while some medical providers noted Plaintiff's antalgic gait, others noted Plaintiff's gait did not affect his ability to move around, cause him significant discomfort or pain, or require the use of any assistive devices. (*Id*. at pages 9-10.)

Second, while Plaintiff argues the ALJ overlooked Dr. Karpman's independent medical examination ("IME"), Magistrate Judge Katz determined that the ALJ provided sufficient justification in finding little value in Dr. Karpman's IME because the opinion (a) contained only causation apportion assessments which are not considered "highly relevant" to Social Security

2

disability determinations, and (b) failed to assess any work-related or functional limitations. (*Id.* at pages 13-14.)

Lastly, Magistrate Judge Katz found that, because it appears the ALJ's finding is supported by substantial evidence, Plaintiff has provided no evidence to support a finding of more moderate limitations, and Plaintiff has failed to point to any legal error, the ALJ's RFC determination should be upheld.

B.  **Plaintiff's Objections to the Report and Recommendation**

Generally, in his Objections to the Report and Recommendation, Plaintiff asserts that Magistrate Judge Katz erred in finding the ALJ's decision is supported by substantial evidence. More specifically, Plaintiff argues the ALJ failed to perform a supportability and consistency analysis in accordance with *Loucks v. Kijakazi* by failing to (1) cite to evidence which conflicts with Dr. Jenouri's findings and (2) explain how Plaintiff's activities or functional limitations conflict with Dr. Jenouri's findings. In addition, Plaintiff argues that, because the ALJ should have adopted the moderate limitations opined by Dr. Jenouri, the ALJ's finding that Plaintiff can perform his past relevant work as a carpenter is in error; therefore, remand is warranted. (Dkt. No. 16, Parts A-C.)

C.  **Defendant's Response to Plaintiff's Objection**

Generally, in his response to Plaintiff's objection, Defendant asserts that Plaintiff's objections should be rejected for the following reasons: (1) they merely reassert his prior arguments and Plaintiff has failed to point to any legal error; (2) Plaintiff's argument that the Court's harmless error review conflicts with *Loucks* is incorrect because *Loucks* established that a Court may engage in a full review of the record when reviewing for harmless error; (3)

3

Plaintiff's assertion that Magistrate Judge Katz improperly analyzed the matter of *Keli Ann D. v Comm'r of Soc. Sec.* merely rehashes his prior reliance on that case in his Initial Brief and Reply which was rejected by Magistrate Judge Katz; and (4) Plaintiff has failed to set forth an argument for clear error review warranting remand.  (Dkt. No. 17, *generally*.)

## II.     APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c)).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c)).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c)); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).  Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")

(internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.   ANALYSIS

After carefully reviewing the relevant findings in this action, including Magistrate Judge Katz's thorough Report and Recommendation and Plaintiff's and Defendant's responses thereto, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

**The Court would add the following points:**

First, the Court finds that some of Plaintiff's objections merely reassert arguments presented in his initial Brief. (*Compare* Dkt. No. 16 at 5-6 *with* Dkt. No. 7 at 3-4.) As a result, the Court finds that certain of these objections warrant only a clear-error review of the relevant portions of the Report and Recommendation. *See, supra*, Part II of this Decision and Order. Further, because there is no clear error on the face of the Report and Recommendation, the Courts finds that it survives initial review.

Second, Plaintiff's first objection, which asserts that Magistrate Judge Katz failed to adequately apply the regulations that indicate that an ALJ is required to explain how he or she considered the supportability and consistency factors, ignores the findings Magistrate Judge Katz actually made. Specifically, the Report and Recommendation states that, even if the ALJ failed to include an explicit explanation regarding those factors, Second Circuit law permits a court to

5

affirm an ALJ's decision if a searching review of the record assures the court that the substance of the regulations was nevertheless not traversed, and it explains why, even if the ALJ's discussion of the persuasiveness of Dr. Jenouri's opinion was less than compliant with the regulation's requirements, it still provides adequate explanation to permit the Court to understand the ALJ's reasoning, including how she assessed and compared Dr. Jenouri's opinion against both his own findings and the other evidence in record when concluding that only the mild limitations from that opinion were persuasive. As a result, Magistrate Judge Katz did not commit any error of law in that respect because his reasoning is based on well-accepted Second Circuit principles of law, and the Court finds no reason to deviate from that legal finding in conducting a review of this objection.

Third, Plaintiff's second objection, which asserts that Magistrate Judge Katz misinterpreted *Loucks v. Kijakazi*, 2022 WL 2189293 (2d Cir. 2022) as permitting a court to manufacture post hoc justifications to support an ALJ's decision, is meritless. As an initial matter, Plaintiff acknowledges that the ALJ explicitly discussed evidence bearing directly on the consistency factor when explaining her findings related to Dr. Jenouri's opinion and focuses instead on the failure to conduct an assessment of the supportability factor. (Dkt. No. 16, at 4.) That Plaintiff does not believe the ALJ explained how the cited evidence supports a mild finding is an argument that the Report and Recommendation has already assessed and rejected, and the Court finds no error in that finding.[1] As to the factor of supportability, the ALJ notably recounted the findings at that examination in detail, including noting that the examination

---

[1] Specifically, the ALJ discussed evidence showing that Plaintiff had on various occasions full range of knee motion, negative or mild findings on imaging of the leg and knee, and unremarkable examinations as the basis for why she believed the other evidence in the record supported mild, as opposed to moderate, limitations. (Dkt. No. 6, Attach. 2, at 25.)

revealed relevant findings such as an antalgic gait, no use of an assistive device, a 50-percent squat, and difficulty walking on heels and toes, as well as some limitation in range of motion in his knee and ankle and tenderness to palpation of the right calf with decreased sensation to touch on the plantar surface of the right foot.  Although the ALJ did not tie these findings into a finding related to supportability, it is clear from the ALJ's discussion regarding her reasons for finding the opinion persuasive only to the extent of supporting mild limitations that she implicitly found Dr. Jenouri's observations to be a less accurate indicator of Plaintiff's overall, ongoing functioning because they conflict with the observations of the other physicians and medical providers; the ALJ even explicitly stated that "[t]he claimant's presentation at the consultative examination appears to be in contrast to the examinations conducted by the treating orthopedic specialist and with the functional capacity assessment, as well as the claimant's reports of activities." (Dkt. No. 6, Attach. 2, at 25.)  As a result, any procedural error in failing to make an explicit determination regarding supportability is harmless, because a review of the analysis of the evidence provided by the ALJ assures the Court that the substance of the regulation was not traversed (i.e., that the ALJ would have found, as she did implicitly, that the lack of consistency with the other evidence outweighed any supportability Dr. Jenouri's own findings might provide).

   Fourth, Plaintiff's third objection merely disagrees with Magistrate Judge Katz's finding that *Keli Ann D. v. Comm'r of Soc. Sec.*, 23-CV-0765, 2024 WL 3493274 (N.D.N.Y. July 22, 2024) is distinguishable from this case.  However, the Court agrees with Magistrate Judge Katz that the circumstances here are distinguishable from those that were present in *Keli Ann D.*  The Court there found it was unable to glean the ALJ's rationale where there was no explanation

regarding how the ALJ arrived at a finding that the claimant could use her fingers, hands and arms 50-percent of the time. *Keli Ann D.*, 2024 WL 3493274, at *5-6. That is simply not the situation here. As discussed above related to the second objection, the ALJ provided citations to specific evidence and explained why she believed that evidence supported only mild limitations. These findings more than permit the Court to glean the basis for the ALJ's conclusion. Moreover, the Court finds that, for the reasons discussed above related to the first and second objections, to the extent Magistrate Judge Katz may have cited or discussed evidence found in the record that was not relied on by the ALJ for the relevant findings, that fact is of no moment because the ALJ's own provided reasons and discussion of the evidence are sufficient to assure this Court that she did not traverse the substance of the regulations when assessing Dr. Jenouri's opinion.

Fifth, Plaintiff argues that the ALJ's error in failing to provide a more fulsome explanation related to Dr. Jenouri's opinion is harmful error because, had the ALJ adopted his opinion, he would be found unable to perform his past relevant work. However, the Court does not agree that the ALJ's assessment was legally insufficient because, as discussed, although she failed to provide a clear explanation regarding the supportability factor in particular, her analysis otherwise assures the Court that she did not traverse the substance of the regulations. Further, based on the ALJ's analysis, there is simply no reason to believe that she would have been required to adopt the moderate limitations opined by Dr. Jenouri had she properly explained the supportability findings; to the contrary, the ALJ's rationale here suggests that she implicitly concluded that the lack of consistency with the other evidence outweighed the extent to which Dr. Jenouri's own findings might have supported his finding of moderate limitations. Because

the ALJ did not traverse the substance of the regulations despite her failure to comply with the letter of them, there is no legal error meriting remand under Second Circuit precedent.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report and Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 8, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge